IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                              Case No. 2:08-cr-55-2

Rafael Hernandez-Carrillo

ORDER

     The defendant has filed a motion for a new trial pursuant to Fed.R.App.P. 33. Defendant argues that his convictions for conspiracy to distribute and to possess with the intent to distribute marijuana in violation of 21 U.S.C. §846, and for engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. §848 are against the manifest weight of the evidence. He also argues that error was committed in the admission of evidence and in the court's charge.

     Rule 33 permits a district court, upon a defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." The decision whether to grant a new trial is left to the sound discretion of the district court. United States v. Wheaton, 517 F.3d 350, 361 (6th Cir. 2008).

     A motion for a new trial may be premised on the argument that the jury's verdict was against the manifest weight of the evidence. United States v. Hughes, 505 F.3d 578, 592 (6th Cir. 2007). "Generally, such motions are granted only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'" Id. at 593 (quoting United States v. Turner, 490 F.Supp. 583, 593 (E.D.Mich. 1979), aff'd, 633 F.2d 291 (6th Cir. 19980)(unreported)). In considering the weight of the evidence for purposes of adjudicating a motion for a new trial, a district judge

may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence. United States v. Lutz, 154 F.3d 581, 589 (6th Cir. 1998).

I. Conspiracy Conviction

In order to prove a conspiracy under 21 U.S.C. §846, the government must prove (1) that an agreement to violate the drug laws existed, and (2) that each conspirator knew of, intended to join, and participated in the conspiracy. United States v. Thornton, 609 F.3d 373, 380 (6th Cir. 2010). The record includes ample evidence from which the jury could reasonably find that the defendant was a member of the conspiracy to distribute and to possess with the intent to distribute marijuana charged in the indictment.

Defendant argues that the co-conspirators who testified for the government were not reliable witnesses, noting their admissions that they engaged in various types of criminal activity and the fact that they entered into plea agreements with the government. However, the testimony of co-conspirators alone can be sufficient to prove the existence of a conspiracy. United States v. Copeland, 321 F.3d 582, 600 (6th Cir. 2003). In this case, the testimony of the co-conspirators was corroborated by other evidence, including physical evidence and the testimony of other witnesses.

The government's witnesses freely admitted their criminal activities, and were thoroughly cross-examined by defense counsel at trial concerning their illegal activities and their plea agreements with the government. This court instructed the jury on how to evaluate the testimony and credibility of witnesses, including a charge specifically addressed to the issue of plea agreements and considering the impact that any benefits the

witnesses may have garnered through those agreements on the credibility of the witnesses. Tr. pp. 623-627. By convicting defendant, the jury demonstrated that it accepted the testimony of at least some of these witnesses. Upon conducting its own evaluation of the testimony of the witnesses, this court concludes that their testimony was credible, and that the defendant's conviction for conspiracy was supported by sufficient evidence.

II. CCE Conviction

A. Defendant as Organizer, Supervisor or Manager

In order to convict a defendant of engaging in a continuing criminal enterprise in violation of 21 U.S.C. §848, the government must prove: (1) that the defendant committed a felony violation of federal narcotics laws; (2) that the violation was part of a continuing series of three or more drug offenses committed by the defendant; (3) that the defendant committed the series of offenses in concert with five or more persons; (4) that the defendant acted as an organizer, supervisor, or manager with regard to these five or more persons; and (5) that the defendant obtained substantial income or resources from the series of violations. United States v. Avery, 128 F.3d 966, 973 (6th Cir. 1997).

Defendant argues that the evidence was insufficient to show that he organized, supervised, or managed five or more persons. The relationship requirement under §848 is flexible. Id. "The defendant need not have the same type of relationship with each individual, and the relationships need not exist at the same time. Id. A broker or courier under the defendant's supervision, someone who stores drugs for the defendant, or one who collects or launders drug proceeds is also within the ambit of the statute. United States v. Phibbs, 999 F.2d 1053, 1082-83 (6th Cir. 1993). Personal

contact is not necessary to prove the "organization, supervision and management" element of §848. <u>United States v. Davis</u>, 809 F.2d 1194, 1204 (6th Cir. 1987). The fact that the defendant occupied the position of supplier to another individual who in turn managed at least five other persons can establish liability under the statute, <u>see</u> <u>United States v. Adamo</u>, 742 F.2d 927, 933-34 (6th Cir. 1984), provided that the work of the five persons was a part of the same drug conspiracy and advanced the criminal enterprise of the defendant, <u>see</u> <u>United States v. Ward</u>, 37 F.3d 243, 250 (6th Cir. 1994).

In the instant case, there was evidence that Dae Won Lee obtained marijuana from defendant for further distribution, and that he and Panomphet "Billy" Sangvone obtained warehouse space for the storage of large quantities of marijuana at defendant's direction. Sangvone also worked for defendant by transporting drug proceeds. Lee was first introduced to defendant by Larry Nelms, who was also seen in defendant's company by agents, and who helped defendant count money. Amy Pache and Myra Spruell drove drug proceeds to Arizona. Pache, who also helped count drug proceeds for the defendant, identified "Chakka" (Angel Padilla), who accompanied defendant to Justin Johnson's house and threatened them about money which had been stolen from the house, "Bash" (Francisco Corella) and "Gekko" (Juan Rodriguez) as being individuals who worked for defendant. Lee's girlfriend, Jessica Murphy, and her mother, Marilyn Stowers, were also recruited by Lee to transport drug proceeds for the defendant. Other individuals supervised by Lee included Joo Lee and Andre McGary. The government presented sufficient evidence that defendant organized, supervised or managed five or more persons, and the jury's verdict was not against the

4

manifest weight of the evidence as to this element or the other elements of the §848 offense.

B. Proceeds Over $10 Million

Defendant also argues that the evidence was insufficient to show that the enterprise led by defendant received proceeds of at least $10 million in gross receipts during a twelve-month period, as was required to support a finding under 21 U.S.C. §848(b). Defendant contends that the testimony of Agent Reagan regarding the ledgers found at the Debolt, Yukon and Sawbury residences was misleading. However, the government notes that Agent Reagan stated during his testimony that since the figures in the Debolt ledger did not contain dates, he did not include that information in his calculations of the gross receipts of the enterprise. His testimony was not misleading. It is corroborated by the testimony of Sangvone, who stated that he transported between $10 million and $15 million for defendant during a one-year period. This testimony was not confusing or misleading, and was properly admitted. The jury's finding on this element was not against the manifest weight of the evidence.

Defendant also contends that the court failed to instruct the jury on the dual role of Agent Reagan as a fact witness and an opinion witness, as required under <u>United States v. Lopez-Medina</u>, 461 F.3d 742 (6th Cir. 2006). However, the record reveals that the court gave the following instruction:

> Opinion testimony. You have heard the testimony of a witness who expressed an opinion. A witness how has specialized knowledge due to skill, experience, training or education may testify and state an opinion concerning such matters. You do not have to accept the opinion of such a witness. In deciding how much weight to give it, you should consider the witness' qualifications and how the witness reached his or her conclusions. Remember,

> that you alone decide how must of a witness' testimony to believe and how much weight it deserves.
>
> You heard the testimony of Agent Reagan who testified concerning his involvement in the investigation of the offenses charged in the Indictment. He also gave opinion testimony based upon his knowledge, experience and training.
>
> In considering whether to accept the opinion testimony of Agent Reagan, you should keep in mind the above instructions on consideration of opinion testimony. Remember, it is totally for you to decide whether to accept the testimony and the opinion.

Tr. pp. 625-26. Defense counsel indicated at trial that he had no objection to this charge. Tr. p. 555.

Finally, defendant contends that the drug ledgers should have been excluded under Fed.R.Evid. 403, under which relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Defendant contends that only the ledger entries reflecting money received from August 1, 2004, to August 1, 2005, the twelve-month period alleged in the indictment under §848(b), should have been admitted, or that the jury's consideration of the ledgers should have been confined by limiting instructions to that period. The ledgers were relevant as substantive physical evidence of the enterprise's continuing drug activities. The fact that testimony was presented concerning the continuing activities of the conspiracy outside the twelve-month period alleged in the indictment was not erroneous or prejudicial. Since Agent Reagan clearly testified that he was basing his calculations for the twelve-month period on the dated entries in two of the ledgers, the fact that the ledgers also contained figures outside those dates

was not misleading.  Likewise, the government's reference to a shipment received in May of 2004 was not misleading or confusing. The jurors had the ledgers during their deliberations.  The court also instructed the jury concerning the relevant time period during which the proceeds of the enterprise had to reach $10 million.  Tr. 650-51.  The probative value of the ledger evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

III. Conclusion

    Defendant has failed to advance grounds warranting a new trial under Rule 33, and the motion for a new trial (Doc. 167) is denied.

Date: September 15, 2010               s/James L. Graham
                                         James L. Graham
                                         United States District Judge