UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

**UNITED STATES OF AMERICA**

    **v.**

Rafael Hernandez-Carrillo
aka Gabriel Torres Olivieri

**JUDGMENT IN A CRIMINAL CASE**

**CASE NUMBER:** 2:08-cr-55-2

<u>Daniel Kratka, Esq.</u>
DEFENDANT'S ATTORNEY

The defendant was convicted on counts 1 and 2 of the superseding indictment..

The defendant is adjudicated guilty of these offenses:

| **TITLE AND SECTION** | **NATURE OF OFFENSE** | **OFFENSE ENDED** | **COUNT** |
|---|---|---|---|
| 21 USC 846 | Conspiracy | 2/28/2008 | 1 |
| 21 USC 848(a)(b) | Conspiracy | 2/28/2008 | 2 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

<u>November 3, 2010</u>
Date of Imposition of Judgment

<u>s/James L. Graham</u>
Signature of Judge

<u>JAMES L. GRAHAM</u>  <u>U.S. DISTRICT JUDGE</u>
Name of Judge    Title of Judge

<u>November 4, 2010</u>
Date

```
DEFENDANT:  HERNANDEZ-CARRILLO, Rafael
CASE NUMBER: 2:08-cr-55-2
Pg 2
```

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **three hundred sixty (360) months on count 1 and Life on count 2 to run concurrently.**

[X]  The Court makes the following recommendation to the Bureau of Prisons:

[X]  The defendant is remanded to the custody of the United States Marshal.

[x]  The defendant shall be assigned to the facility in Tucson, Arizona.

### RETURN

I have executed this judgment as follows:

Defendant delivered on_____to_____

_____at_____, with a

certified copy of this judgment.

_____
United States Marshal

By_____
   Deputy US Marshal

Case: 2:08-cr-00055-JLG-NMK Doc #: 197 Filed: 11/04/10 Page: 3 of 4 PAGEID #: 1475

```
DEFENDANT:   HERNANDEZ-CARRILLO, Rafael
CASE NUMBER: 2:08-cr-55-2
Pg. 3
```

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years on counts 1 and 2 to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

> The defendant shall not possess a firearm, ammunition, destructive device, of any other dangerous weapon.

> The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court.

The defendant shall also comply with any additional conditions set forth below:

**The defendant, pursuant to the detainer lodged by ICE, shall surrender to immigration officials under the Immigration and Nationality Act and be deported upon completion of his sentence and remain outside the United States. The defendant shall not again re-enter the United States of America without the permission of the Attorney General of the United States.**

### STANDARD CONDITIONS OF SUPERVISION

1. THE DEFENDANT SHALL NOT LEAVE THE JUDICIAL DISTRICT WITHOUT THE PERMISSION OF THE COURT OR THE PROBATION OFFICER;
2. THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICER AND SHALL SUBMIT A TRUTHFUL AND COMPLETE WRITTEN REPORT WITHIN THE FIRST FIVE DAYS OF EACH MONTH;
3. THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER;
4. THE DEFENDANT SHALL SUPPORT HIS OR HER DEPENDENTS AND MEET OTHER FAMILY RESPONSIBILITIES;
5. THE DEFENDANT SHALL WORK REGULARLY AT A LAWFUL OCCUPATION UNLESS EXCUSED BY THE PROBATION OFFICER FOR SCHOOLING, TRAINING, OR OTHER ACCEPTABLE REASONS;
6. THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF ANY CHANGE IN RESIDENCE OR EMPLOYMENT;
7. THE DEFENDANT SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL
8. THE DEFENDANT SHALL NOT FREQUENT PLACES WHERE CONTROLLED SUBSTANCES ARE ILLEGALLY SOLD, USED, DISTRIBUTED, OR ADMINISTERED;
9. THE DEFENDANT SHALL NOT ASSOCIATE WITH ANY PERSONS ENGAGED IN CRIMINAL ACTIVITY AND SHALL NOT ASSOCIATE WITH ANY PERSON CONVICTED OF A FELONY UNLESS GRANTED PERMISSION TO DO SO BY THE PROBATION OFFICER;
10. THE DEFENDANT SHALL PERMIT A PROBATION OFFICER TO VISIT HIM OR HER AT ANY TIME AT HOME OR ELSEWHERE AND SHALL PERMIT CONFISCATION OF ANY CONTRABAND OBSERVED IN PLAIN VIEW BY THE PROBATION OFFICER;
11. THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN SEVENTY-TWO HOURS OF BEING ARRESTED OR QUESTIONED BY A LAW ENFORCEMENT OFFICER;
12. THE DEFENDANT SHALL NOT ENTER INTO ANY AGREEMENT TO ACT AS AN INFORMER OR A SPECIAL AGENT OF A LAW ENFORCEMENT AGENCY WITHOUT THE PERMISSION OF THE COURT;
13. AS DIRECTED BY THE PROBATION OFFICER, THE DEFENDANT SHALL NOTIFY THIRD PARTIES OF RISKS THAT MAY BE OCCASIONED BY THE DEFENDANT'S CRIMINAL RECORD OR PERSONAL HISTORY OR CHARACTERISTICS, AND SHALL PERMIT THE PROBATION OFFICER TO MAKE SUCH NOTIFICATIONS AND TO CONFIRM THE DEFENDANT'S COMPLIANCE.

```
DEFENDANT:   HERNANDEZ-CARRILLO, Rafael
CASE NUMBER: 2:08-cr-55-2
Pg 4
```

### CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments;

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| Totals | $200.00        | $        | $               |

### SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

> Lump sum payment of the $200.00 special assessment is due immediately.
>
> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the  United States District Court, Office of the Clerk, 85 Marconi Blvd., Room 260, Columbus, Ohio 43215.
>
> The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

### FORFEITURE

The defendant shall forfeit the defendant's interest in the following to the United States:

$230,811 in United States Currency
$ 10,450 in United States Currency
$ 22,695 in United States Currency

and other property named in counts 3 and 4 of the superseding indictment