IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAFAEL HERNANDEZ-CARILLO,

    Petitioner,　　　　　　　　　　Civ. No. 2:14-cv-0039
　　　　　　　　　　　　　　　　　　　Crim. No. 2:08-cr-0055(2)
    v.　　　　　　　　　　　　　　Judge Graham
　　　　　　　　　　　　　　　　　　　Magistrate Judge King
UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

On August 4, 2015, the Magistrate Judge recommended that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. *Order and Report and Recommendation* (ECF No 268). Petitioner has objected to that recommendation. *Objection* (ECF N0 269). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. In view of Petitioner's incarcerated *pro se* status, this Court also liberally construes Petitioner's filings in this case. *See Haines v. Kerner*, 404 U.S. 519, 595–96 (1972).

For the reasons that follow, Petitioner's *Objection* (ECF No. 269) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 268) is **ADOPTED** and **AFFIRMED.** This action hereby is **DISMISSED.**

Petitioner's *Motion for Leave to Submit More Evidence* (ECF No. 270) and his *Motion for an Evidentiary Hearing* (ECF No. 271) are **DENIED.**

**Objections**

Petitioner was convicted of engaging in a continuing criminal enterprise ("CCE").[1] Petitioner claims in this action that the life sentence imposed on that conviction violates the

---

[1] Petitioner was also originally convicted on a charge of conspiracy to distribute over 1,000 kilograms of marijuana; however, his conviction on that charge was vacated.

1

Eighth Amendment, that there was insufficient evidence to support a leader and organizer role in connection with the CCE charge, and that he was denied the effective assistance of counsel. The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted and without merit. In his objections, Petitioner raises the same arguments presented to and rejected by the Magistrate Judge.

The Magistrate Judge recommended that Petitioner's challenge to the sufficiency of the evidence be dismissed because the United States Court of Appeals for the Sixth Circuit rejected that claim on direct appeal. Petitioner now argues that this Court should address this claim because he has filed "numerous documents" in support of the claim and makes references to the record that were not considered on direct appeal. Regardless of whether Petitioner submitted new documents or new arguments in support of his claim of insufficiency of the evidence, that claim has already been resolved on direct appeal. *United States of America v. Hernandez-Carillo*, Case No. 10-4437 (6th Cir. Dec. 21, 2011); *Order* (ECF No. 212.) This Court has no authority to reconsider that claim in this action. *See DuPont v. United States*, 76 F.3d 108-110 (6th Cir. 1996)("A § 2255 motion may not be used to relitigate an issue that was raised on [direct] appeal.")

In arguing that he was denied the effective assistance of counsel, Petitioner complained that his attorney failed to inform him of any potential plea offer. The Magistrate Judge recommended that this claim of ineffective assistance of counsel be dismissed. Petitioner objects to that recommendation and maintains that the Court must conduct an evidentiary hearing in order to resolve factual disputes surrounding this claim. Specifically, Petitioner insists that the affidavit of his trial attorney, *see Affidavit of Richard A. Cline,* contains misrepresentations and

lacks credibility.[2] As discussed by the Magistrate Judge, the record does not reflect that the government conveyed a plea offer to the defense or that Petitioner would have been willing to accept a plea offer had one been made. To the contrary, Petitioner concedes that he did not indicate that he wished to enter into a plea agreement. *Traverse* (ECF No. 265, PageID# 2003.) Therefore, Petitioner cannot establish the denial of the effective assistance of counsel during plea negotiations and no evidentiary hearing is required to resolve this claim.

Petitioner also claimed that his trial attorney was ineffective because he failed to request a multiple conspiracies instruction and failed to obtain an expert in handwriting and ledgers. The Magistrate Judge recommended that this claim be dismissed, as well as Petitioner's claim that his life sentence violates the Eighth Amendment. Petitioner now objects to those recommendations, referring to various documents and arguments in support of these claims. For the reasons discussed by the Magistrate Judge, Petitioner's arguments are not persuasive. However, in regard to Petitioner's Eight Amendment claim, this court notes that the public's view regarding marijuana is shifting. The sale of marijuana is now legal in two states, and the current administration is not enforcing the federal drug laws regarding marijuana in those states. Marijuana is not currently a legal drug in Ohio, but there is a measure on Ohio's November ballot to legalize marijuana in this state. Although this court is inclined to agree with Petitioner's argument that a life sentence for engaging in what is now legal conduct in some jurisdictions constitutes cruel and unusual punishment, this court is constrained by the precedents of the Sixth Circuit Court of Appeals and the United States Supreme Court to adopt the recommendation of the Magistrate Judge that this claim must be dismissed. However, in the event that more states legalize the sale of marijuana in the future, Petitioner's Eighth Amendment argument that his life

---

[2] Attorney Richard A. Cline avers in his affidavit that Petitioner had no interest in pursuing plea negotiations.

sentence constitutes cruel and unusual punishment may garner more support from both courts and legislative bodies.

**Motion for Leave to Submit More Evidence**

Petitioner suggests that an affidavit from him and surveillance videos and visitors logs from the courthouse and county jail may assist in this Court's resolution of his claims. All of Petitioner's claims, however, can be determined from the record already before the Court. There is therefore no need for additional evidence or for discovery in this action.

For the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Order and Report and Recommendation,* Petitioner's *Objection* (ECF No. 269) is **OVERRULED**. The *Report and Recommendation* (ECF No. 268) is **ADOPTED AND AFFIRMED**. Petitioner's *Motion for Leave to Submit More Evidence* (ECF No. 270) and his *Motion for an Evidentiary Hearing* (ECF No. 271) are **DENIED.**

This action is **DISMISSED.** The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**


Date: September 8, 2015

                                              ____s/James L. Graham____
                                              JAMES L. GRAHAM
                                              United States District Judge