IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

     v.                       Case No. 2:08-cr-55-2

Rafael Hernandez-Carrillo

OPINION AND ORDER

Defendant was convicted of a conspiracy to distribute and to possess with the intent to distribute marijuana in violation of 21 U.S.C. §846 (Count 1) and engaging in a continuing criminal enterprise in violation of 21 U.S.C. §848(a) and (b) (Count 2).  The alleged conspiracy spanned from January 2004 to February 2008.  After the Sixth Circuit Court of Appeals determined that Count 1 was a lesser included offense of Count 2, Count 1 was dismissed by an amended judgment entered on February 2, 2012, and defendant was sentenced on Count 2 to the mandatory term of life incarceration required under 21 U.S.C. §848(b)(1) and (2)(B).

On March 30, 2021, defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018, due to COVID-19.  Doc. 296.  Counsel was appointed to represent the defendant.  On July 14, 2021, counsel indicated that he did not intend to supplement defendant's pro se motion and asked that the motion be granted.  Doc. 300.  Later, new counsel entered an appearance on behalf of the defendant.  On August 27, 2021, new counsel filed a supplemental motion for compassionate release.  Doc. 310.

1

Counsel filed additional materials in support of the motion on October 7, 2021. Doc. 313.

The government filed a response in opposition to the motion on October 18, 2021. Doc. 315. The government did not contest that defendant exhausted his administrative remedies as required under §3582(c)(1)(A). However, the government argued that defendant failed to show grounds for an early release, and that the statutory factors in 18 U.S.C. §3553(a) weighed against granting the motion.

Defendant filed additional materials in support of his motion on November 1, 2021 and January 28, 2022.

I. Standards for Compassionate Release

The court can reduce a sentence under §3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. §3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. See United States v. Jones, 980 F.3d 1109, 1111 (6th Cir. Nov. 20, 2020). The court must also consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment[.]" §3582(c)(1)(A). The grant of compassionate release is at the discretion of the court. United States v. Kincaid, 802 Fed. App'x 187, 188 (6th Cir. 2020).

Although §3582(c)(1)(A) also requires that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" found in the United States

2

Sentencing Guidelines, §1B1.13 and Application Note 1, the Sixth Circuit has held that the policy statements do not apply to cases in which an inmate files a motion for compassionate release, and that district courts have full discretion to define what constitutes an "extraordinary and compelling" reason without consulting the policy statement.  See Jones, 980 F.3d at 1111.  Therefore, the court will not base its decision on whether defendant's reasons for release satisfy the policy statements.

II. Reasons for Compassionate Release

Defendant, who is 42 years old, alleges that he has medical conditions which place him at risk for serious illness from COVID-19.  He has submitted medical records from the Bureau of Prisons ("BOP").  Defendant alleges that he has pre-diabetes, gastroesophageal reflux, overactive bladder, and morbid obesity. Obesity is recognized by the Centers for Disease Control as being a condition which can result in a greater risk of serious illness from COVID-19.  See https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions. html.  As of March 25, 2021, defendant was reported as weighing 220 pounds, and his height was 5' 8".  Doc. 310-2, p. 64. However, the medical records do not report any adverse physical problems specifically linked to the defendant's weight.  See United States v. Tranter, 471 F.Supp.3d 861, 865 (N.D. Ind. July 8, 2020)(noting that BMI is "a notoriously blunt tool" with clinical limitations, including its inability to differentiate between excess fat, muscle and bone mass, and that defendant had not identified any current medical issues resulting from his

obesity, indicating that it has little adverse effect on his overall health). A BOP report dated February 23, 2021, indicated that defendant has no work restrictions and is in care level 1. Doc. 310-2, p. 78.

The medical records include lab results indicating that defendant is at an increased risk of diabetes. Doc. 310-2, pp. 37, 84. However, there is no evidence that defendant actually has diabetes or that he is being treated for that condition. Defendant also has mild gastritis and overactive bladder, but he is being treated with medication for these conditions and is reportedly doing well. Doc. 310-2, pp. 2, 20, 44, 50. Defendant's medical conditions do not constitute an extraordinary reason for his early release.

As to the risk posed by COVID-19, defendant states that he contracted COVID-19 in December of 2020, and that he has since been fully vaccinated. Defendant is incarcerated at Atwater USP. According to the BOP, there are 13 inmates and 12 staff members who have currently tested positive for COVID-19. There are 411 inmates and 108 staff have had the virus and have recovered, and 691 inmates and 212 staff have been vaccinated. See https://www.bop.gov/coronavirus (last checked March 4, 2022). These statistics do not support defendant's claim that he has a significant risk of contracting COVID-19. That defendant recovered from COVID-19 and has been vaccinated "substantially undermines his request" for compassionate release. United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021). "[D]efendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine

4

– does not present an 'extraordinary and compelling reason' warranting a sentence reduction." Id.

Defendant also relies on his efforts towards rehabilitation. Rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for compassionate release. See 28 U.S.C. §994(t)("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). However, rehabilitation may be considered along with other circumstances in deciding whether extraordinary and compelling reasons for early release exist. See United States v. Daley, 484 F.Supp.3d 1171, 1175 (M.D. Fla. 2020).

Defendant has submitted a list of 50 classes which he has taken. Defendant also obtained his GED, and completed the 500-hour Challenge Program, an intensive treatment program for participants with a substance abuse or mental health history. Docs. 310-6 and 310-7. Defendant has also submitted a list of his work details while incarcerated. Doc. 296, p. 37. While commendable, this record is not extraordinary. In addition, in his August 17, 2020, response to defendant's request for compassionate release, the warden commented that defendant's institutional adjustment was poor, and that his disciplinary history included mail abuse. Doc. 296, p. 20.

Defendant relies on his age at the time of the offense in this case. Defendant was 24 years old when the conspiracy began, and was almost 29 years old at the time of his arrest. However, as the presentence investigation report ("PSR") indicates, defendant was a principal administrator, organizer, supervisor and leader of an extensive and sophisticated criminal

enterprise involving the distribution and possession with the intent to distribute large quantities of marijuana. Defendant was not a naive participant who was induced or pressured to participate in the conspiracy. In addition, the defendant's age at the time of the offense was a fact known at the time of sentencing. Therefore, defendant's age cannot be an extraordinary reason to reduce a sentence. See United States v. Hunter, 12 F.4th 555, 569-70 (6th Cir. 2021)(defendant's age when he committed the offense the offense was an impermissible factual consideration because it existed at the time of sentencing; identifying extraordinary and compelling reasons is a task that focuses on post-sentencing factual developments).

Defendant also notes that many states have legalized marijuana to some degree, such as for medical use, that policies and societal views regarding cannabis have changed, and that, although cannabis distribution is still illegal under federal law, there have been attempts to change the federal prohibitions. He contends that, based on current Department of Justice policies, he would not have been prosecuted today for a marijuana offense under §848. However, the conduct for which he was convicted remains an offense under §848 today. Even if the law had changed, the Sixth Circuit has held that non-retroactive changes in the law, be it by statutory amendment or judicial decision, cannot be relied upon as extraordinary and compelling reasons for a sentence reduction. Hunter, 12 F.4th at 563-70.

Defendant has two sons who have graduated from high school and are working in Arizona, as well as parents living in Mexico. Defendant asserts that these family members need his support.

Defendant's family have submitted letters requesting his release. The court appreciates these letters and sympathizes with his family's wish that defendant be a part of their lives again. However, the record does not demonstrate that these circumstances are extraordinary. His sons are now young adults who have left home in Mexico for work or college in the United States. Defendant's parents are in their 70s and have health concerns, but there is no indication that they cannot care for themselves in defendant's absence, particularly since they have another child, defendant's older brother.

The court thus concludes that the above circumstances relied on by defendant, considered alone or in combination, do not constitute an extraordinary and compelling reason for defendant's release.

III. §3553(a) Factors

The court must also address the applicable §3553(a) factors. The offense in this case was serious. Defendant was a principal administrator, organizer, supervisor and leader of a criminal enterprise, that is, a conspiracy to distribute and to possess with the intent to distribute marijuana, involving at least 5 people. Defendant used other persons to rent warehouses and storage units, to store and deliver marijuana to distributors, to count drug proceeds, to find rental properties, hotels and vehicles for use by the conspirators, and to deliver money to suppliers. The relevant conduct attributed to defendant was 23,075 kilograms of marijuana. The government also proved that the enterprise received gross proceeds of at least $10 million from August 1, 2004, through August 1, 2005.

Defendant notes the fact that marijuana use is now legal in many states. However, federal law still prohibits the distribution of marijuana. The fact that some states have authorized the personal use of marijuana sold by licensed and regulated growers and distributers is readily distinguishable from the massive illegal distribution network spanning over four years which was the subject of the instant case, and which Congress still deems serious enough to require a mandatory life sentence. As the Sixth Circuit agreed with this court's characterization of the offense, defendant led a "massive" drug trafficking operation "that was an astoundingly large criminal enterprise involving literally tractor-trailer loads of marijuana and truck loads of cash as well, millions and millions of dollars." Hernandez-Carrillo v. United States, 2016 U.S. App. LEXIS 24390, at *4 (6th Cir. Nov. 17, 2016). If defendant were convicted of the same offense today, the court would still be required to impose a life sentence.

As to the history and characteristics of the defendant, the PSR reported that defendant, who is a citizen of Mexico, was raised in a good family and worked as a child. He has two children who are high school graduates and now reside in Arizona. He came to the United States on a tourist visa, but because Immigration and Customs Enforcement could not verify his status at the time of his arrest, a detainer was placed on him. Defendant had no prior criminal record and was in Criminal History Category I. He has completed courses while incarcerated. Although defendant has submitted a letter from a friend in Georgia who has indicated that defendant can live and

work with him, it is almost certain that defendant would be deported to Mexico if he is released. See Presentence Investigation Report at ¶55 (noting the existence of an immigration detainer lodged against defendant); Hernandez-Carrillo v. United States, 511 Fed. App'x 530, 531 (6th Cir. 2013) (denying defendant's appeal with respect to this court not issuing an injunction prohibiting his removal from the United States should he be released from prison).

Since his arrest on February 28, 2008, defendant has served approximately 14 years. The court notes that §848 carries a mandatory minimum penalty of 20 years even without proof of the additional enhancements under §848(b)(1) and (2)(B) which mandated the life sentence in this case. Further, the guideline range for the conspiracy count was 292-365 months. These penalty ranges indicate that the reduced sentence of 14 years sought by defendant would not be sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from more crimes by the defendant.

The court concludes that the §3553(a) factors warrant denying defendant's motion for a reduced sentence. Even assuming, arguendo, that the circumstances relied on by defendant, considered in combination, are sufficient to constitute an "extraordinary and compelling reason" for a sentence reduction, that reason is outweighed by the statutory factors which militate against defendant's early release.

IV.  Amicus Letter

The court notes the Amicus Letter submitted by Professor Douglas A. Berman of the Ohio State University Moritz College of Law.  Professor Berman provides a useful perspective on recent efforts, including one by the American Law Institute, to authorize judicial decisionmakers to entertain sentence modification requests from defendants who have served 15 years or more of imprisonment.  The concern is for a mechanism to ensure that punishments which "reach nearly a generation into the future . . . . remain intelligible and justifiable at a point in time far distant from their original imposition."  Doc. 313-1 at PAGEID 2427.  Professor Berman suggests that the First Step Act provides this court with such an opportunity to take a "second look."  See Nazgol Ghandnoosh, The Sentencing Project, A Second Look at Injustice (May 2021).  Professor Berman believes that defendant's motion warrants serious consideration in light of the circumstances – namely, that defendant did not have a criminal history, he committed a non-violent offense, and there have been changing federal and state policies with respect to marijuana sentences.

The court appreciates Professor Berman's insights and agrees with his view that the interests of justice are well-served by providing judges with a mechanism to evaluate whether lengthy periods of incarceration continue to be justified.  To that end, this court has utilized the First Step Act to grant compassionate release in a number of cases in which the individual demonstrated that changed circumstances warranted early release.  See, e.g., U.S v. Clark, 2:00-cr-24-1 (defendant

had served 21 years of a 35 year sentence on cocaine offenses and had severe health problems and had made significant rehabilitation efforts); U.S. v. Mack, 2:98-cr-162 (defendant had served 22 years of a 55 year sentence on armed robbery offenses which would have received a total sentence of 25 years under new laws).

Turning to the current case, the court finds at this point in time that defendant's incarceration remains intelligible and justifiable. Again, though attitudes toward marijuana have shifted, defendant was convicted of orchestrating a massive criminal enterprise for which the law still requires a life sentence. Defendant has served but 14 years of that sentence, and, if his motion were granted, he likely would not be subject to home confinement or supervised release because of the pending immigration detainer.

V. Conclusion

In accordance with the foregoing, defendant's motions for a reduced sentence (Docs. 296, 300, 310, 313) are denied without prejudice to renewed motions as defendant approaches 20 years of time served.


Date: March 4, 2022          s/ James L. Graham
                             James L. Graham
                             United States District Judge